**Richard Dwayne CADDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–02–01058–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 4, 2003.

John Davis, Angleton, for appellants.

David Bosserman, Angleton, for appellees.

Panel consists of Justices YATES, J. HARVEY HUDSON, and FOWLER.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Richard Dwayne Caddell, was charged by indictment with possession of more than one gram, but less than four grams, of methamphetamine. To this accusation appellant entered a plea of "not guilty," and the parties proceeded to trial before a jury. After hearing the testimony of the witnesses and considering the evidence presented, the jury returned a guilty verdict. Thereafter, the State's attorney presented to the jury five enhancement paragraphs relating to prior convictions for delivery of a controlled substance, burglary of a motor vehicle, unauthorized use of a vehicle, aggravated assault with a deadly weapon, and unlawful possession of a firearm by a felon. To these enhancement allegations appellant entered pleas of "not true," but after considering the evidence, the jury found the enhancement allegations to be "true" and assessed appellant's punishment at confinement in the state penitentiary for seventy years. We affirm.

In three points of error, appellant contends (1) the evidence is factually insufficient to show that the arresting officer had probable cause or reasonable suspicion to stop appellant (2) the State failed to establish a chain of custody between the contraband taken from appellant's person and thereafter admitted at trial, and (3) his sentence of seventy years constitutes cruel and unusual punishment.

### FACTUAL SUFFICIENCY

At both a pretrial suppression hearing and at trial, Officer Chad Powers of the Freeport Police Department testified that he observed appellant run a stop sign. When Powers activated his emergency overhead lights and attempted to make a traffic stop, appellant fled at speeds of up to ninety miles per hour. After a lengthy chase, appellant drove off the roadway and collided with a tree. While being booked into the Freeport city jail, two small packets of methamphetamine were discovered on appellant's person.

Appellant points to two discrepancies in Powers's testimony in forming his factual sufficiency argument. First, the offense report states appellant was traveling *west* on West Broad Street when he ran the stop sign. Powers testified he observed appellant driving *east* on West Broad Street when he ran the stop sign. Powers, however, testified that he did not personally type the offense report, but that he merely submitted notes regarding the incident from which other employees constructed a type-written offense report. Powers testified that the offense report was incorrect when it asserted that appellant was driving west on West Broad

Street. Second, despite admitting that he fled from the police, appellant testified at the suppression hearing that he never drove more than 30 or 40 miles per hour. Because the chase lasted more than half an hour and ended a mere twelve miles from where it began, appellant asserts that his testimony regarding a low-speed pursuit was more believable than Powers's account of a high-speed chase. However, Powers's account of the high-speed pursuit was corroborated by other officers who joined in the chase. Moreover, although appellant was captured only 12 miles from where the chase began, he apparently took a circuitous route.

Highlighting the aforementioned discrepancies, appellant argues the evidence is factually insufficient to support the trial court's denial of his motion to suppress and the jury's implied rejection of his challenge to the legality of the search and seizure under Article 38.23 of the Code of Criminal Procedure. In other words, appellant asks us to assess the admissibility of evidence while employing a factual sufficiency standard of review. We will address the ruling on the motion to suppress and the jury's implied finding under the Article 38.23 instruction separately.

### Motion to Suppress

■ When reviewing the trial court's ruling on a motion to suppress evidence, we will not engage in our own factual review, but rather we simply determine whether the trial court's findings are supported by the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). If the trial court's findings are supported by the record, we are not at liberty to disturb them. *Hill v. State*, 902 S.W.2d 57, 59 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd); *Green v. State*, 892 S.W.2d 220, 221–22 (Tex.App.-Texarkana 1995, pet. ref'd). At a suppression hearing, the trial judge is the sole finder of fact. *Arnold v. State*, 873 S.W.2d 27, 34 (Tex.Crim.App. 1993); *Hill*, 902 S.W.2d at 59. The trial judge is free to believe or disbelieve any or all of the evidence presented. *Romero*, 800 S.W.2d at 543. Accordingly, when assessing the propriety of a trial court's ruling on a motion to suppress evidence, we use an abuse of discretion standard. *Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim. App.1991).

■ Thus, in reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating credibility and demeanor. *Ross*, 32 S.W.3d at 856; *Brooks v. State*, 76 S.W.3d 426, 430 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

Considering the evidence in the record before us, we find the trial court did not abuse its discretion in denying appellant's motion to suppress. Notwithstanding the different descriptions of the events leading up to appellant's arrest, the testimony of both appellant and Officer Powers tells a very similar story. Although appellant denies committing traffic violations, including driving above the speed limit, the testimony of an assisting officer corroborates the facts related to the high-speed car chase and subsequent arrest. Therefore, this portion of appellant's point of error is overruled.

### Implied Finding

■ The courts of appeals are divided as to the proper standard of review for implied jury findings under Article 38.23. The division among the courts of appeals began with *Coleman v. State,* 45 S.W.3d 175 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd) wherein the First Court of Appeals applied a factual sufficiency standard of review to challenges of the jury's implied finding. Citing *Coleman,* the Waco and Dallas courts of appeals also engaged in this type of analysis. *See Davy v. State,* 67 S.W.3d 382 (Tex.App.-Waco 2001, no pet.); *Jones v. State,* No. 05–01–01153–CR, 2002 WL 1613711, at *3 (Tex.App.-Dallas July 23, 2002, no pet.) (not designated for publication). We too stated, in a panel decision, that a jury's implied finding under Article 38.23 is subject to a factual sufficiency review. *Kendrick v. State,* 93 S.W.3d 230, 236 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). However, the First Court of Appeals later, in an en banc opinion, overruled its decision in *Coleman* concluding that there is "both authority and good reason" not to apply a factual sufficiency review to a suppression issue. *Johnson v. State,* 95 S.W.3d 568, 572–73 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (en banc).[1] Similarly, two other courts have since rejected requests to apply a factual sufficiency analysis. *See Hanks v. State,* 104 S.W.3d 695, 703 (Tex. App.-El Paso 2003, no pet.) (acknowledging in its decision that *Coleman* had been overruled); *Hildebrand v. State,* No. 12–01–00310–CR, 2002 WL 31617639, at *2 (Tex.App.-Tyler Nov. 20, 2002, pet. ref'd) (not designated for publication).

Following the rationale set forth in *Johnson,* we agree that *sufficiency* and *admissibility* of evidence are distinct issues. "Sufficiency" relates to whether the *elements* of an offense have been logically established by all the evidence presented, both admissible and inadmissible. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim.App.1999) (en banc). "Admissibility" relates to the fairness of introducing evidence and its logical relevance. *See* Tex.R. Evid. 403; *see also Weaver v. State,* 87 S.W.3d 557, 562 (Tex.Crim.App.2002) (en banc) (Johnson, J., dissenting) (describing issues of admissibility as those pertaining to relevance and legislative ideas of fairness). Accordingly, legal and factual sufficiency issues must relate to the *elements* of the offense. *See Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997) (limiting a legal sufficiency to the *elements* of an offense); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996) (addressing the standard for reviewing the factual sufficiency of the *elements* of an offense). The issue of whether or not evidence was illegally obtained is not an element of the offense. *See Hanks,* 104 S.W.3d at 703.

We recognize the decision to exclude evidence may hinge to some degree upon a factual finding. *Pierce v. State,* 32 S.W.3d 247, 251 (Tex.Crim.App.2000). But to the extent that the trial court's decision rests upon a finding of fact, the ultimate issue is still the admissibility of evidence, and it would be inappropriate for us to utilize a factual sufficiency standard of review in analyzing the admissibility of evidence. Accordingly, we are persuaded that the rationale expressed in by our sister court in *Johnson* is correct, and were we writing on a clean slate, and not bound by our previous decision in *Kendrick,* our analysis would be different. However, in light of our decision in *Kendrick,* we are compelled by prior precedent to conduct a factual

---

1. In *Johnson,* the court acknowledges that when it issued *Coleman* there was no authority to support the application of a factual sufficiency review to suppression issues. *Johnson,* 95 S.W.3d at 573.

sufficiency review of the jury's implied finding.

When reviewing claims of factual insufficiency, it is our duty to examine the fact-finder's weighing of the evidence. *Clewis*, 922 S.W.2d at 133, 134. There are two ways in which evidence can be factually insufficient: (1) the evidence is so weak as to be clearly wrong or manifestly unjust, or (2) the finding of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. *Zuliani v. State*, 97 S.W.3d 589, 593 (Tex.Crim.App.2003). Determining which standard applies depends upon whether the complaining party had the burden of proof at trial. *Id.* If the complaining party did not have the burden of proof, then the "manifestly unjust" standard applies. *Id.* On the other hand, if the complaining party had the burden of proof, then the "against the great weight and preponderance" standard applies. *Id.* Under the Texas Court of Criminal Appeals' modified approach, if the defendant challenges the factual sufficiency of the elements of the offense, even though the State had the burden of proof, we must review the evidence using both standards. *Id.* Thus, when reviewing factual sufficiency challenges, we must determine "whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim. App.2000).

Reviewing all of the evidence, we find the jury did not err in impliedly rejecting appellant's contention that the contraband was illegally obtained. As was explained earlier, Officer Powers's testimony established a necessary basis for arresting appellant. While appellant relies heavily on certain discrepancies between the arrest report and Officer Powers's testimony, those discrepancies were logically explained by Officer Powers. In summary, nothing in the record before us suggests the evidence is so weak, or so outweighed by contrary proof, as to undermine our confidence in the jury's implied findings. Therefore, the appellant's first point of error is overruled.

## CHAIN OF CUSTODY

In his second point of error, appellant challenges the chain of custody and contends the evidence was not admissible against him. The record reflects the arresting officer who seized the contraband at issue, placed it in an evidence bag and dropped it in a narcotics lock box. The evidence bag was later opened by a chemist in the police lab, who ultimately concluded the substance was methamphetamine. Because no one testified that they transferred the evidence bag from the lock box to the lab, and there was some difference of opinion as to whether the contraband was "off-white" or "yellow" in color, appellant contends the State failed to show the contraband that was analyzed and introduced in evidence against him was the same substance seized from his person.

Objections regarding theoretical or speculative breaches in the chain, without affirmative evidence of impropriety, go to the weight of the evidence rather than to its admissibility. *See Lagrone v. State*, 942 S.W.2d 602, 617 (Tex.Crim.App. 1997); *Durrett v. State*, 36 S.W.3d 205, 208 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Penley v. State*, 2 S.W.3d 534, 537 (Tex.App.-Texarkana 1999, pet. ref'd). Proof of the beginning and the end of the chain will support the admission of evidence. *Durrett*, 36 S.W.3d at 208.

The testimony presented by the State established, through an explanation of the procedures at the laboratory and markings on the exhibit, that the substance analyzed by the laboratory was the same as seized from the appellant and introduced at trial. Officer Powers testified that after retrieving the evidence from appellant that he marked it, put it in a tamper proof envelope, and placed it in a lock box accessible only by Officer Garcia, the narcotics investigator. An official from the laboratory testified that by using the markings on the exhibit, he could discern that the sample came from Officer Garcia of the Freeport Police Department and the evidence envelope had not been opened. Having shown no affirmative evidence of tampering, save a weak inference related to descriptions of color and texture, appellant's second point of error is overruled.

### CRUEL AND UNUSUAL PUNISHMENT

In his final point of error, appellant contends his sentence of seventy years constitutes cruel and unusual punishment for such a small quantity of contraband. The Eighth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, has been recognized as encompassing a narrow proportionality principle. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In other words, punishment that is greatly disproportionate to the offense is prohibited. *Weems v. United States*, 217 U.S. 349, 371, 30 S.Ct. 544, 54 L.Ed. 793 (1910). Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). In light of appellant's repeated recidivism, we do not find his sentence to be extreme.

Accordingly, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.