Affirmed and Memorandum Opinion filed June 17, 2004









Affirmed and Memorandum Opinion filed June 17, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00842-CR

____________

 

PIUS VINTON
SMASHED ICE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 936,914

 



 

M E M O R A N D U M  O P I N I O N

Appellant Pius Vinton Smashed Ice pleaded
guilty to the offense of murder and was sentenced by the trial court to life
imprisonment.  In his only point of
error, appellant claims his sentence is disproportionate to the offense for
which he was convicted and violates the Eighth Amendment to the United States
Constitution prohibiting cruel and unusual punishment.  We affirm.








It is well established that failure to raise
an Eighth Amendment objection at trial prevents making any such claim on
appeal.  See Tex. R. App. P. 33.1(a); Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 
Appellant concedes that his sentencing hearing was not recorded by a
court reporter.  Accordingly, there is no
evidence in the record that appellant objected at the time of sentencing.  Because he has not presented a record for the
purposes of his claim, we overrule appellant=s sole point of
error.[1]

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 17, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Even if error
were preserved, there is no evidence in the record, as required by Solem v.
State, 463 U.S. 277 (1983), reflecting sentences imposed on similar
offenses in Texas or other jurisdictions.  See Jackson v. State, 898 S.W. 2d 842, 846
(Tex. App.CTexarkana 1999, no pet.).  Moreover, appellant=s sentence does not violate the Eighth Amendment,
which has been interpreted as prohibiting punishment that is grossly
disproportionate to the crime.  Weems
v. United States, 217 U.S. 349, 371 (1910). 
Punishment is grossly disproportionate only if the sentence is extreme
when compared to the gravity of the offense. Caddell v. State, 123
S.W.3d 722, 728 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  Before the trial court sentenced him to life
in prison, appellant pleaded guilty to the offense of murder and true to an
enhancement paragraph in the indictment. 
In light of the circumstances, we do not believe this sentence to be
extreme.