IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 769-03





LINCOLN V. HANKS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


DALLAS COUNTY





 Johnson, J., delivered the opinion of the Court, in which Meyers, Keasler,
Hervey and Cochran, JJ, joined. Keller, P.J., concurred in the judgment. Womack, J.,
filed a dissenting opinion, in which Price and Holcomb, JJ., joined.


O P I N I O N



 Appellant was accused of possession of cocaine with intent to deliver, enhanced by a prior felony
conviction. After a jury found him guilty as charged, appellant plead true to the enhancement paragraph,
and the trial court assessed punishment at imprisonment for a term of 20 years. The court of appeals
affirmed the judgment of conviction and sentence. Hanks v. State, 104 S.W.3d 695 (Tex. App. - El Paso
2001).

 Appellant was arrested during the course of a drug investigation that involved a confidential
informant. Police observed appellant and the informant visit a known drug dealer and make what appeared
to be a drug purchase. As police were preparing to stop appellant's car for a traffic violation, appellant
pulled over of his own accord before police could stop the car. Officers quickly approached the car and
arrested appellant. One officer testified that when he approached the car he saw appellant holding a clear
bag that contained a white substance, later determined to be cocaine. Several blue baggies containing
cocaine were retrieved from the driver's seat. A rock of cocaine and some drug paraphernalia were
recovered from the car's trunk. Appellant testified at trial, denied possessing any cocaine, and suggested
that the cocaine that was recovered from the car belonged to his passenger, the confidential informant.

 Pursuant to Tex. Code Crim. Proc., art. 38.23(a), the jury charge instructed the jury that: 1) no
evidence obtained in violation of the constitutional laws shall be admitted into evidence against the accused;
2) and if jurors believe or have a reasonable doubt that evidence was obtained in violation of such laws,
then they shall disregard any such evidence.

 After conviction and sentence, appellant asserted on appeal that the evidence was factually
insufficient "to show that the cocaine and narcotics paraphernalia were lawfully seized" because the police
officer "could not truly have seen Appellant in possession of cocaine" when he approached the car that
appellant was driving. The court of appeals held that appellant is not entitled to a legal- sufficiency review
because such an implied finding is not an element of the offense. The court went on to find that, for the same
reason, appellant is not entitled to a factual-sufficiency review. Hanks v. State, 104 S.W.3d at 703. We
granted review of a single ground for review, which challenges the court of appeals' conclusion that "a
defendant is not entitled to a factual sufficiency review of a jury's implied rejection of his Article 38.23(a)
issue."

 Appellant asserts that the court of appeals' refusal to conduct the factual-sufficiency review of his
Article 38.23(a) issue conflicts with the constitutional authority granted to the courts of appeals. He argues
that the Tex. Const., art. V, § 6, grant of conclusive jurisdiction on all questions of fact to the courts of
appeals and the legislative authorization of the courts of appeals to reverse a conviction "as well upon the
law as upon the facts" authorize a factual-sufficiency review of the evidence of the Article 38.23(a) issue. 
He also cites our opinion in Clewis v. State, 922 S.W.2d 126, 129-31 (Tex. Crim. App. 1996), for the
principle that, in criminal cases, intermediate appellate courts are authorized to review disputed fact
questions. He acknowledges that the question of whether the evidence was properly seized is not an
element of the offense, but insists that it is a disputed fact issue that the jury was required to, and did,
resolve.

 We agree that Tex. Const., art. V, § 6, provides that the decision of the courts of appeals "shall
be conclusive on all questions of fact brought before them on appeal or error," and that Tex. Code Crim.
Proc., art. 44.25, states that courts of appeals and the Court of Criminal Appeals may reverse judgment
in a criminal action "as well upon the law as upon the facts." Nevertheless, appellant does not specify or
delineate how our constitution's provision for courts of appeals' decisions to be factually conclusive and our
legislature's authorization to reverse a conviction "as well upon the law as upon the facts" require appellate
review of the factual sufficiency of every disputed fact issue.

 We also agree that in Clewis, supra, 922 S.W.2d at 129, we stated that "courts of appeals are
vested with the authority to review fact questions in criminal cases[.]" It is now well settled that courts of
appeals are empowered to conduct a factual-sufficiency review of the evidence of the elements of the
offense. Clewis, supra; Zuniga v. State, ___ S.W.3d ___ (Tex. Crim. App. No. 539-02, delivered April
21, 2004) (discussing the standard for factual-sufficiency review). The Clewis court also reiterated the
proper standard for a factual-sufficiency review when a defendant has asserted an affirmative defense or
has the burden of proof on an issue and established the proper standard of such review of the elements of
the offense. Id. at 132, 134-36. However, nothing in Clewis mandates appellate review of the factual
sufficiency of the evidence of all disputed fact issues.

 The court of appeals cited Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997), for the
principle that a defendant is not entitled to a legal sufficiency review of the jury's implied finding on the Art.
38.23(a) issue. Hanks, 104 S.W.3d at 703. In Malik, the jury charge included an instruction that explicitly
told the jury to acquit if it did not believe beyond a reasonable doubt that the officer had probable cause
to stop Malik. It thus instructed the jury to base its judgment of the legal and factual sufficiency of the
state's case on a single fact. The state objected to that portion of the charge. 

 We held that the legality of the defendant's detention is not an element of the offense charged, but
relates merely to evidence admissibility. Any jury instruction concerning the legality of the defendant's
detention should have been limited to the admissibility of the contested evidence; the legality of the
defendant's detention should not have been used to decide whether the state's evidence was sufficient to
prove the elements of the offense. Malik, 953 S.W.2d at 240. We did not speak to measuring the
sufficiency of the evidence to prove the propriety of Malik's detention, nor did we express an opinion on
the propriety of conducting a legal-sufficiency review of the evidence to support the implied finding on the
Article 38.23(a) issue; we said merely that the admissibility of a particular piece of evidence cannot be used
to determine sufficiency of the evidence introduced to prove the elements of the offense. Id.

 Appellant urges that there must be a factual sufficiency review of the evidence to support the
resolution of any disputed fact issue, including issues of the admissibility of evidence pursuant to Article
38.23(a). We are not, however, persuaded by appellant's arguments.

 Appellant points out that the Waco Court of Appeals, in Davy v. State, 67 S.W.3d 382, 390
(Tex.App. - Waco 2001, no pet.), observed that implicit findings under Article 38.23 are akin to deadly-weapon findings by a jury, and that appellate courts frequently review the sufficiency of the evidence to
sustain such findings. (1) While this is true, we note that a deadly-weapon finding can be an element of the
offense. (2) Even if it is not, it is more akin to the elements of an offense than is the fact at issue here in that
a deadly-weapon finding has a direct effect on the consequences of any conviction. While use of a deadly
weapon may or may not be an element of the offense, it is an element of the punishment. Tex. Code Crim.
Proc., art. 42.12 (3)(g). Resolution by the fact-finder of an Article 38.23(a) issue affects only the jury's
consideration of evidence: Should this evidence be included in the body of evidence to be considered in
determining guilt?

 In Caddell v. State, 123 S.W.3d 722 (Tex. App. - Houston [14th Dist] 2003), the Fourteenth
Court of Appeals directly addressed the issue before us, noting that sufficiency and admissibility are distinct
issues.

"Sufficiency" relates to whether the elements of an offense have been logically established
by all the evidence presented, both admissible and inadmissible. "Admissibility" relates to
the fairness of introducing evidence and its logical relevance. Accordingly, legal and factual
sufficiency issues must relate to the elements of offense. The issue of whether or not
evidence was illegally obtained is not an element of the offense.


We recognize the decision to exclude evidence may hinge to some degree upon a factual
finding. But to the extent that the trial court's decision rests upon a finding of fact, the
ultimate issue is still the admissibility of evidence. 


Id. at 722 (internal citations and footnotes deleted). 

 An instruction pursuant to Article 38.23(a) should be included in the charge only "if there is a factual
dispute as to how the evidence was obtained." Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App.
1986). In a jury trial, the jury is the trier of fact, and we give great deference to its fact determinations and
its decisions about the credibility of witnesses. Factual disputes almost always turn on witness credibility.
We do not decide who or what the jury should have, in our view, believed; we consider only whether a
reasonable jury could have reached that verdict. To acquiesce to appellant's argument would be to allow
a reviewing court to substitute its own judgment for that of the jury on every fact issue, including all
subsidiary issues, raised at trial, even those factual determinations that rest on the determination of witness
credibility. 

 We hold that factual-sufficiency review is appropriate only as to the sufficiency of the state's proof
as to elements of the offense. Such a review is not appropriate as to the admissibility of evidence when
such a question is submitted to the jury pursuant to Article 38.23(a). 

 We overrule appellant's ground for review and affirm the judgment of the court of appeals.

 

 Johnson, J.

Delivered: June 23, 2004

En banc 

Publish
1. Appellant fails to note that the language that he cites from the plurality opinion in Davy with regard to a
factual-sufficiency review of the Article 38.23 issue was the opinion of a single justice of the court. The second
justice, believing that the court should not perform such a review, wrote a concurring opinion that pointedly
disagreed with the holding of the lead opinion that the court of appeals was authorized to do so. Davy, supra at 396-97. The third justice wrote an opinion that concurred in the result but not the rationale of either the lead or
concurring opinions. Davy, supra at 397-98.
2. See, e.g. Tex. Penal Code, §§ 21.02(a)(2)(aggravated assault) and 29.03(a)(2)(aggravated robbery).