Affirmed and Memorandum Opinion filed June 9, 2005









Affirmed
and Memorandum Opinion filed June 9, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00529-CR

____________

 

D’WAYLON BURLESON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1213643

 



 

M E M O R A N D U M   O P I N I O N

Appellant, D’Waylon Burleson, appeals from
his conviction for possession of marijuana in a useable quantity of less than
two ounces.  See Tex. Health & Safety Code Ann. §
481.121 (Vernon 2003).  A jury found him
guilty, and the trial court assessed punishment at 45 days’ confinement.  On appeal, he contends that (1) the trial
court erred in admitting the contraband into evidence, and (2) the evidence is
insufficient to support the conviction. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion.  Tex. R. App. P. 47.1.  We affirm.








Background

On January 11, 2004, appellant was
detained after he was involved in a minor traffic accident.  Officer Jeffrey Holmes of the Houston Police
Department (“HPD”) testified that he was called to the scene of the
accident.  When he arrived, he saw
appellant, who had been driving one of the vehicles involved in the accident,
sitting in the back of a patrol car. 
Holmes moved appellant to Holmes’s patrol car and interviewed him.  Holmes said that appellant staggered and
swayed and that his speech was slurred. 
He detained appellant on suspicion of being intoxicated and for failing
to carry his driver’s license.  Holmes
then inventoried the contents of the vehicle appellant had been driving because
it was going to be towed.  During the
inventory, Holmes found what he described as a “marijuana cigar” in the
vehicle’s console.  He said that based on
his thirteen years of experience as a police officer he was familiar with the
look and smell of marijuana, and the item found in the vehicle looked and
smelled like marijuana.  Holmes weighed
the item and found that it weighed .78 grams, which he stated was a useable
quantity.  Holmes placed the cigar in a
brown evidence bag and placed it in the “narcotics drop box” for testing by the
HPD crime lab.

Officer John Nickel, a drug recognition
expert for the HPD, testified that on January 11, he performed a drug
recognition evaluation on appellant.  He
determined that appellant had a high level of impairment and was under the
influence of cannabis, a drug category that includes marijuana.

Kristen Dyke, a drug chemist with the HPD
crime lab, testified that she received a partially burned cigar in a plastic
baggy that was inside a HPD evidence envelope or bag.  Dyke performed an analysis of the cigar, and
it tested positive for marijuana.  She
weighed the cigar, and it weighed .4 grams or .01 ounces.








The evidence bag had the appellant’s name
written on it along with the date on which he was arrested and the location at
which he was first detained.  There was
no specific evidence regarding who placed the cigar inside the plastic baggy
between the time Holmes dropped it at the crime lab and Dyke received it.

Chain of Custody

In his first issue, appellant contends
that the trial court erred in admitting the contraband into evidence because of
alleged problems with the chain of custody. 
However, a review of the record reveals that the only argument trial
counsel made regarding the admission of this evidence was that it was obtained
as the result of an illegal search and seizure. 
Accordingly, we hold that appellant failed to preserve the issue for
appeal because his appellate argument does not comport with his trial
objection.  See Tex. R. App. P. 33.1; Resendiz v.
State, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003).

Furthermore, even if appellant had
preserved his argument, we find that it is without merit.  Complaints regarding theoretical or
speculative breaches in the chain of custody, without affirmative evidence of
impropriety, go to the weight of the evidence rather than to its
admissibility.  Caddell v. State,
123 S.W.3d 722, 727 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  Proof of the beginning and the end of the
chain will support the admission of evidence. 
Id.  Appellant argues that
the record provides affirmative evidence of impropriety in that (1) Officer
Holmes stated that he initialed the evidence bag on the morning of the trial,
and (2) chemist Dyke stated that she received the evidence in a plastic baggy
while Holmes stated that he deposited the evidence in a brown evidence
bag.  However, neither of these points
provide affirmative evidence of impropriety.








In its brief, the State suggests that
Holmes initialed the bag as a standard procedure for when evidence is retrieved
for presentation in court.  Nothing in
the record directly supports or refutes this logical interpretation.[1]  Appellant offers no explanation as to how
Holmes initialing of the bag on the morning of trial evidences
impropriety.  The suggestion is that
Holmes was undertaking some type of subterfuge regarding the evidence bag, but
this is exactly the type of theoretical or speculative gap in the chain of
custody that goes to the weight of the evidence and not its admissibility.  See Caddell, 123 S.W.3d at 727.

Regarding the plastic baggy, Holmes
testified that he put the evidence in a brown evidence bag before placing it in
the narcotics drop box, and Dyke testified that she received the evidence in a
plastic baggy.  But contrary to
appellant’s assertion, Dyke testified that the plastic baggy was contained
within an evidence envelope or bag.  She
stated that the bag had appellant’s name written on it along with the date on
which he was arrested and the location at which he was first detained.  She further explained that evidence receiving
personnel will seal evidence if it is not sealed when it is received.  The only missing information in the chain of
custody is exactly who put the evidence in the baggy and then back into the
evidence bag.  The State proved the
beginning and the end of the chain of custody. 
This was sufficient for admissibility. 
See id.  Any theoretical or
speculative gaps go to the weight and not the admissibility.  Id. 
Appellant’s first issue is overruled.

Sufficiency of the Evidence

In his second issue, appellant contends
that the evidence is insufficient to sustain his conviction.[2]  We utilize the normal standards of review in
considering this sufficiency issue.  See
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (legal sufficiency
standards); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)
(factual sufficiency standards).








To prove possession of marijuana, the
State must show by direct or circumstantial evidence that the accused exercised
care, custody, or control over the substance and that he knew the object he
possessed was contraband.  Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Evidence that affirmatively links the accused
to the contraband is sufficient to prove that he possessed it knowingly.  Id. 
The link between the accused and the contraband does not have to be so
strong that it excludes every other reasonable hypothesis except the guilt of
the accused.  Id. at 748.  Courts have considered a number of factors in
assessing the link between the accused and contraband narcotics, including
whether the accused owned or was the driver of the vehicle where the contraband
was found (if the contraband was found in a vehicle), whether the contraband
was in plain sight or recovered from an enclosed space, whether the contraband
was found in close proximity to the accused or was conveniently accessible to
the accused, whether the physical condition of the accused indicated recent
consumption of the contraband in question, and whether there was a strong
residual odor of the contraband.  See,
e.g., Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex. App.—Corpus Christi
2002, no pet.).

Here, appellant argues only that (1) there
is no evidence in the record to establish ownership of the vehicle, and (2)
Officer Holmes testified that he did not detect a strong odor of marijuana from
appellant’s person.  Regarding the first
contention, there is no requirement that the accused be the owner of a vehicle
where contraband was found in order to to link him to the contraband.  It has been held that a sufficient link can
be established if the accused was the driver of the vehicle.  See, e.g., Hurtado v. State, 881
S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  Holmes testified that appellant was the
driver of the vehicle where the marijuana cigar was found.  He stated that he found the cigar in the
vehicle’s console, which would have been readily accessible to the driver.  Further, there was no evidence that anyone
else was in the car with appellant at the time of the accident.








Regarding appellant’s second contention,
that Holmes did not detect an odor of marijuana, Holmes did testify that he
smelled marijuana from the cigar itself, and Officer Nickel, an HPD drug
recognition expert, testified that appellant had a high level of impairment and
was under the influence of cannabis, a drug category that would include
marijuana.  See De La Paz v. State,
901 S.W.2d 571, 584 (Tex. App.—El Paso 1995, pet. ref’d) (considering accused’s
physical condition as suggesting affirmative link between accused and
contraband).  Accordingly, we find that
the evidence sufficiently demonstrated affirmative links between appellant and
the marijuana cigar to support the conviction. 
See Brown, 911 S.W.2d at 747-48. 
Appellant makes no further argument regarding the sufficiency of the
evidence.  We overrule his second issue.

We affirm the trial court’s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 9, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).











[1]  Dyke testified
that it was standard procedure for the last person to handle evidence to place
his or her initials on the evidence bag. 
This inferentially supports the conclusion that Holmes properly
initialed the bag prior to trial.





[2]  Although
appellant states his second issue as a factual sufficiency challenge, he
appears to argue that the evidence is legally insufficient regarding certain
elements.  In the interest of justice, we
shall review the evidence under both factual and legal sufficiency standards.