NUMBER 13-05-00527-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


EDWARD MICHAEL LOPEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law Number 1


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 Following a bench trial, the trial court found appellant, Edward Michael Lopez, guilty
of the misdemeanor offense of possession of marihuana and assessed his punishment at
ninety days' confinement in the Nueces County Jail and a $1,000 fine. However, the trial
court suspended the jail sentence and placed appellant on community supervision for a
term of one year. In two issues, appellant complains that the evidence is legally and
factually insufficient to prove him guilty beyond a reasonable doubt. We affirm.

 Pursuant to a search incident to an arrest for public intoxication, the arresting officer
found a "bundled up" red and white napkin in the front right pocket of appellant's pants. 
The napkin contained a usable amount of marihuana, and appellant was arrested for the
offense of possession of marihuana.

 In his first and second issue, appellant complains that the evidence is legally and
factually insufficient to prove him guilty beyond a reasonable doubt. Specifically, appellant
contends the evidence is insufficient to support his arrest for public intoxication. Therefore,
he argues, the arresting officer lacked probable cause to arrest him, and the search
incident to that arrest was invalid.

 In response, the State asserts that there is a distinction between issues of
sufficiency and admissibility, and the validity of the search incident to arrest is irrelevant
to a sufficiency review. We agree.

 Although appellant posits his argument as one of legal and factual sufficiency,
essentially he is attempting to challenge the admissibility of the marihuana. However,
appellant did not file a motion to suppress the marihuana, and he did not object to the
introduction of the marihuana at trial. Appellant, therefore, waived any error on appeal. 
See Tex. R. App. P. 33.1(a) (providing that a party must make a timely and specific
objection, request, or motion at trial to preserve error for appellate review). 

 Furthermore, the Texas Court of Criminal Appeals has recognized that questions
of sufficiency and admissibility are fundamentally distinct issues:

 "Sufficiency" relates to whether the elements of an offense have been
logically established by all the evidence presented, both admissible and
inadmissible. "Admissibility" relates to the fairness of introducing evidence
and its logical relevance. Accordingly, legal and factual sufficiency issues
must relate to the elements of the offense. The issue of whether or not
evidence was illegally obtained is not an element of the offense.


Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) (citing Caddell v. State, 123
S.W.3d 722, 726 (Tex. App.-Houston [14th Dist.] 2003, pet ref'd)) (emphasis in original).

 The offense in the present case is "possession of marihuana." Thus, a proper
sufficiency review requires the determination of whether the elements of the offense of
possession of marihuana were established. The elements of the offense of public
intoxication, which was the basis for the search leading to the discovery of the marihuana,
are not relevant to the sufficiency review of appellant's conviction for possession of
marihuana. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (holding that
the legality of a detention is not an element of the offense charged but merely relates to
the admissibility of evidence).

 Because appellant has not challenged the legal and factual sufficiency of the
evidence of the offense of possession of marihuana, we overrule his first and second
issues.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this the 10th day of August, 2006.