Affirmed and Memorandum Opinion
filed April 5, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00771-CR



 

GREGORY KEITH PERKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1169762



 

MEMORANDUM OPINION

A jury
convicted appellant, Gregory Keith Perkins, of possession of phencyclidine (“PCP”)
weighing between four and two-hundred grams.  In his first, second, and fourth
issues, appellant contends the evidence is legally and factually insufficient
to support his conviction and the trial court erred by denying his motion for a
directed verdict.  In his third issue, appellant contends the trial court erred
by admitting evidence of an extraneous bad act.  We affirm.

I.   Background

In June
2008, Houston Police Department Officers Kelly V. Berg and James M. Crawford were
sitting in a patrol car and monitoring an apartment complex known for narcotics
activity, specifically PCP sales.  The officers observed a person leaning
against the passenger-side window of a vehicle parked in the apartment complex parking
lot.  Officer Berg suspected “hand-to-hand activity” was occurring, meaning a
drug sale.  The vehicle was then driven off the lot.  After observing the driver
of the vehicle fail to stop at a stop sign, the officers activated their patrol
car emergency lights and pulled behind the vehicle.  There were three occupants
inside the vehicle: the driver, a front-seat passenger, and a back-seat
passenger on the passenger side.  The back-seat passenger was identified as
appellant.  The driver of the vehicle did not stop immediately but drove for another
hundred meters during which time “[t]here was a lot of movement around inside
the vehicle by all persons that were inside the vehicle.”  When the car came to
a complete stop, the driver and front-seat passenger were motionless.  However,
appellant continued to move.  Officer Berg testified that he observed appellant
“leaning forward, motioning like this with his hand (indicating). . . .  And
when he does that, I’m looking at the vehicle and I see something fall out of
the vehicle.”  Officer Berg did not actually observe appellant drop the item.  Officer
Crawford witnessed appellant lean forward but did not observe anything fall from
the vehicle.  When he approached the vehicle, Officer Berg saw that the
discarded item was a vanilla extract bottle.  It was later determined the
bottle contained PCP.

Appellant
and the other occupants were removed from the vehicle and handcuffed.  Appellant
initially lied to the officers regarding his name.  After determining
appellant’s real name, the officers learned there was an outstanding warrant
for his arrest.  Appellant was arrested and transported to jail where he was searched.
 A bag of powder was discovered in appellant’s shoe.  The powder was later
identified as cocaine.

II.   Sufficiency of the Evidence

            In his first
and second issues, appellant contends the evidence is legally and factually
insufficient to support his conviction.  In his fourth issue, appellant contends
the court erred by overruling his motion for a directed verdict.  The crux of
each of these issues is appellant’s contention that there is insufficient evidence
to support the possession element of the charged offense.

A.        Applicable
Law and Standard of Review

In a prosecution
for possession of a controlled substance, the State must prove beyond a
reasonable doubt that the defendant (1) exercised actual care, custody,
control, or management over the substance, and (2) knew that the substance was
contraband.  Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). 
Whether the evidence is direct or circumstantial, it must establish that the
defendant’s connection with the drug was more than fortuitous.  Id.  Mere
presence at the location where drugs are found is thus insufficient, by itself,
to establish actual care, custody, or control of those drugs.  Id. at 162.  However, presence or
proximity, when combined with other evidence, either direct or circumstantial
(e.g., affirmative links), may be sufficient.  Id.  An affirmative link
generates a reasonable inference that the accused knew of the contraband’s
existence and exercised control over it.  See Washington v. State, 902
S.W.2d 649, 652 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).  However,
the link need not be so strong that it excludes every other reasonable hypothesis
except the defendant’s guilt.  Brown v. State, 911 S.W.2d 744, 748 (Tex.
Crim. App. 1995).  Further, it is not the number of links that is dispositive,
but rather it is the logical force of all of the evidence, direct and
circumstantial.  Evans, 202 S.W.3d at 162.  Relevant factors that may
affirmatively link an accused to contraband include, but are not limited to, whether
the defendant made furtive gestures and whether the conduct of the defendant
indicated a consciousness of guilt.  Olivarez v. State, 171 S.W.3d 283,
291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).      

While this appeal was pending, five
judges on the Texas Court of Criminal Appeals held that only one standard
should be employed to evaluate whether the evidence is sufficient to support a
criminal conviction beyond a reasonable doubt: legal sufficiency.  See Brooks v. State, 323 S.W.3d 893, 894–95 (Tex. Crim. App.
2010) (plurality op.); id. at 926 (Cochran, J., concurring).
 Accordingly, we review appellant’s challenge to factual sufficiency of
the evidence under the legal-sufficiency standard.  See Pomier v. State,
326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (applying a single
standard of review required by Brooks); see also Caddell v. State,
123 S.W.3d 722, 726–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d)
(explaining that this court is bound to follow its own precedent).

When reviewing sufficiency of evidence,
we view all of the evidence in the light most favorable to the verdict to
determine whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Brooks, 323 S.W.3d at 899 (plurality op.).  We may
not sit as a thirteenth juror and substitute our judgment for that of the fact
finder by reevaluating the weight and credibility of the evidence.  Id.
at 899, 901; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999); see also Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986) (expressing that jury may choose to believe or disbelieve any portion of
the testimony).  We defer to the fact finder’s resolution of conflicting
evidence unless the resolution is not rational.  See
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  

A challenge to the denial of a motion
for a directed verdict is equivalent to a challenge to the legal sufficiency of
evidence.  Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App.
1996).  Because the argument raised in appellant’s motion for a directed
verdict is the same as his sufficiency argument on appeal, we address
appellant’s first, second, and fourth issues together.

B.        Analysis

After stopping
the vehicle in which appellant was riding, Officers Berg and Crawford observed
appellant lean forward while the other passengers were motionless.  Although
Officer Berg did not actually see the bottle drop from appellant’s hand, he did
observe the bottle fall from the front passenger-side window of the vehicle at
the “exact time” appellant reached toward the window.  At trial, Officer Berg
agreed, “[T]here’s no way [I] can specifically tell this jury as to whether or
not it was the front passenger or the back seat passenger who dropped something
out of that car.”  However, Officer Berg’s testimony that he witnessed
appellant lean toward the window at the “exact time” the bottle fell out of the
window supports a rational inference that appellant possessed, and was
discarding, the bottle in an attempt to avoid arrest.    

Admittedly,
Officer Berg’s police report contradicted certain portions of his testimony. 
In the report, Officer Berg wrote that appellant was the front-seat passenger. 
Further, Officer Berg wrote that he witnessed appellant extend his hand outside
the vehicle and drop the bottle.  Officer Berg testified that these portions of
his report were incorrect.  The jury apparently did not find that these
inconsistencies rendered Officer Berg incredible, but instead chose to believe his
testimony.  We must defer to the jury’s resolution of conflicting evidence and
witness credibility and demeanor.  See Brooks, 323 S.W.3d at 899,
901; Clayton, 235 S.W.3d at 778.     

Accordingly,
we conclude the evidence, viewed in the light most favorable to the verdict, is
legally and factually sufficient to support the jury’s finding that appellant exercised
actual care, custody, control, or management over the bottle and knew the
bottle contained a controlled substance.  We overrule appellant’s first,
second, and fourth issues.

III.   Admission of Extraneous Acts

In his third issue, appellant
contends the trial court erred by admitting evidence regarding cocaine found in
his shoe, namely Officer Berg’s and a chemist’s testimony that the powder found
in appellant’s shoe was cocaine and State’s Exhibit 3, the actual cocaine.  

We conclude appellant failed to
preserve his argument relative to Officer Berg’s and the chemist’s testimony
because he failed to make a contemporaneous objection to the testimony.  See
Tex. R. App. P. 33.1; Penry v. State, 903 S.W.2d 715, 763 (Tex.
Crim. App. 1995).  Further, we conclude admission of the actual cocaine, even
if erroneous, was harmless because it was duplicative of testimony that the
substance was cocaine.  See Anderson v. State, 717 S.W.2d 622, 628 (Tex.
Crim. App. 1986) (“Inadmissible evidence can be rendered harmless if other
evidence at trial is admitted without objection and it proves the same fact
that the inadmissible evidence sought to prove.”).  Accordingly, appellant’s
third issue is overruled.

We affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel
consists of Justices Seymore, Boyce, and Christopher.

 

Do
Not Publish — Tex. R. App. P. 47.2(b).