Affirmed and Memorandum Opinion issued
June 16, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00368-CR



 

HERIBERTO ACOSTA, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1233834



 

MEMORANDUM OPINION

A jury
convicted appellant, Heriberto Acosta, of aggravated robbery and assessed
punishment at twenty-seven years’ confinement.  In his sole issue, appellant
contends the evidence is factually insufficient to support the jury’s verdict. 
We
affirm.                                                                                                                                                                                                               
                                              

I.                  
Background

On September 20, 2009, Robert Downs visited the home
of his friend Pete Sanchez.  Later that evening, Downs drove his truck to a
store to purchase beer and returned to Sanchez’s house.  While driving, Downs
noticed someone in a Jeep following him.  When Downs arrived at Sanchez’s
house, the driver of the Jeep passed Downs’s truck then returned and stopped in
front of the house.  

There were three men inside the Jeep.  According to Downs,
the passenger sitting in the back seat of the Jeep, identified at trial as
appellant, called to Downs by name.  Downs testified that he approached the
Jeep but did not recognize appellant or the other men.  Sanchez also testified
he did not recognize the men.  Appellant exited the Jeep and began urinating on
the street.  The front passenger of the Jeep also exited the vehicle.  Appellant
and the front passenger drew guns which were black in color and ordered
everyone to lie on the ground.  Sanchez testified that appellant was holding a
Glock 9 millimeter.  The front passenger demanded the keys to Downs’s truck.  After
Downs gave him the keys, the front passenger left in Downs’s truck.  According
to Downs, appellant then left the scene in the Jeep.  However, Sanchez
testified appellant left in Downs’s truck.  It is undisputed that Downs and
Sanchez both consumed two or three beers that evening. 

A few hours after the above described events, police
officers located Downs’s truck on a service road.  After officers stopped the truck,
several occupants, including appellant, fled.  Shortly thereafter, officers discovered
appellant hiding in a bush.  The officers also found a book-bag containing a
black Glock 9 millimeter handgun in the bush. 

II.   Sufficiency of the Evidence

            In his sole
issue, appellant contends the evidence is factually insufficient to support his
conviction.  

A.        Applicable
Law and Standard of Review

In a
prosecution for aggravated robbery, the State must prove, beyond a reasonable
doubt, that the defendant, in the course of committing theft and with the
intent to obtain or maintain control of property, intentionally or knowingly
threatened or placed another in fear of imminent bodily injury or death and
used or exhibited a deadly weapon.  See Tex. Penal Code. Ann. §§
29.02(a), 29.03(a)(2) (West 2011).   

While this appeal was pending, five
judges on the Texas Court of Criminal Appeals held that only one standard
should be employed to evaluate whether the evidence is sufficient to support a
criminal conviction beyond a reasonable doubt: legal sufficiency.  See Brooks v. State, 323 S.W.3d 893, 894–95 (Tex. Crim. App.
2010) (plurality op.); id. at 926 (Cochran, J., concurring).
 Accordingly, we review appellant’s challenge to factual sufficiency of
the evidence under the legal-sufficiency standard.  See Pomier v. State,
326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (applying a single
standard of review required by Brooks); see also Caddell v. State,
123 S.W.3d 722, 726–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d)
(explaining that this court is bound to follow its own precedent).

When reviewing sufficiency of evidence,
we view all of the evidence in the light most favorable to the verdict to
determine whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Brooks, 323 S.W.3d at 899 (plurality op.).  We may
not sit as a thirteenth juror and substitute our judgment for that of the fact
finder by reevaluating the weight and credibility of the evidence.  Id.
at 899, 901; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999); see also Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986) (expressing that jury may choose to believe or disbelieve any portion of
the testimony).  We defer to the fact finder’s resolution of conflicting
evidence unless the resolution is not rational.  See
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

B.        Analysis

Viewing
all evidence in the light most favorable to the verdict, we conclude the
evidence is factually sufficient to support appellant’s conviction of
aggravated assault.  Downs and Sanchez testified that appellant and an
accomplice exhibited handguns in the course of stealing Downs’s truck.  Sanchez
testified that appellant left the scene in Downs’s truck, and police later
observed appellant exiting the truck.  Moreover, when officers found appellant
hiding in a bush, they also discovered a black handgun next to appellant. 
These facts establish the elements of aggravated robbery.  See Tex.
Penal Code Ann. §§ 29.02(a), 29.03(a)(2).  

Nevertheless,
appellant contends the evidence is factually insufficient because Downs and
Sanchez were not credible for the following reasons: (1) Downs and Sanchez
consumed alcohol prior to the incident; (2) Downs and Sanchez were convicted
felons; (3) Downs testified that appellant left the scene in the Jeep, but
Sanchez testified appellant was driving Downs’s truck; and (4) Downs and
Sanchez were untruthful when they testified they were not previously acquainted
with appellant because appellant referred to Downs by name.  

After
reviewing all the evidence, we conclude that a rational jury could have found Downs
and Sanchez were credible.  First, the evidence supports a rational conclusion that
alcohol consumption by Downs and Sanchez did not impair their ability to
perceive and remember the incident: they each consumed only two or three beers before
the robbery, and both testified they were cognizant of the events that evening. 
Second, it was within the jury’s province to determine whether prior criminal
conduct by Downs and Sanchez affected their credibility, and we must defer to
this determination.  Third, we must also defer to the jury’s implicit
conclusion that inconsistent testimony from Downs and Sanchez regarding the
vehicle in which appellant fled did not render other portions of their
testimony incredible.  Fourth, appellant’s apparent recognition of Downs when
the robbery occurred did not necessarily indicate Downs was untruthful when he
testified that he did not recognize appellant; appellant may have discovered Downs’s
name from a variety of sources (e.g., Downs testified appellant might have been
a previous  customer at Downs’s tire shop).

Accordingly,
we overrule appellant’s sole issue and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Justices Anderson, Seymore,
and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).