Affirmed and Memorandum Opinion filed July 14, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00443-CR

NO. 14-10-00444-CR



 

TANDY DANNA MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 262nd District
Court 

Harris County, Texas

Trial Court Cause Nos. 1260203
& 1260205



 

MEMORANDUM OPINION

Appellant,
Tandy Danna Marshall, contends the evidence is legally and factually
insufficient to support her convictions of aggravated kidnapping and aggravated
assault.[1] 
We affirm. 

I.   Background

Robert
Shannon and Keith Sebring stole over two-hundred pounds of marijuana from
Reginald Nollie.  After learning Nollie was aware of his participation in the
theft, Shannon began living in motel rooms.  After several months, Shannon
returned to his girlfriend Katherine Bennett’s house.  It is undisputed that on
May 18, 2009, appellant and two males went to Bennett’s house, retrieved
Shannon, and brought him to Nollie’s house where Shannon was assaulted and
later placed in a closet in the garage.  However, appellant testified that she
did not participate in a kidnapping because Shannon willingly accompanied her
to Nollie’s house and she did not participate in the assault.

Subsequently,
appellant was charged with (1) aggravated kidnapping for allegedly exhibiting a
deadly weapon—a firearm—in the course of abducting Shannon with intent to
prevent his liberation by secreting and holding him in a place where he was
unlikely to be found and (2) aggravated assault for allegedly causing bodily
injury to Shannon by using a deadly weapon—“a piece of wood” or “an electrical
cable.”  At trial, the jury was instructed that it could find appellant guilty either
as a principal or as a party to the charged offenses.  The jury convicted
appellant on both charges and sentenced her to fifteen years’ confinement for
aggravated kidnapping and five years’ confinement for aggravated assault, to
run concurrently.

II.   Sufficiency of the Evidence

            In her first
and second issues, appellant contends the evidence is legally and factually
insufficient to support the jury’s verdict.

A.        Standard of
Review and Relevant Law

While this appeal was pending, five
judges on the Texas Court of Criminal Appeals held that only one standard
should be employed to evaluate whether the evidence is sufficient to support a
criminal conviction beyond a reasonable doubt: legal sufficiency.  See Brooks v. State, 323 S.W.3d 893, 894–95 (Tex. Crim. App.
2010) (plurality op.); id. at 926 (Cochran, J., concurring).
 Accordingly, we review appellant’s challenge to factual sufficiency of
the evidence under the legal-sufficiency standard.  See Pomier v. State,
326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (applying a
single standard of review required by Brooks); see also Caddell v. State,
123 S.W.3d 722, 726–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d)
(explaining that this court is bound to follow its own precedent).

When reviewing sufficiency of evidence,
we view all of the evidence in the light most favorable to the verdict to
determine whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Brooks, 323 S.W.3d at 899 (plurality op.).  We may
not sit as a thirteenth juror and substitute our judgment for that of the fact
finder by reevaluating the weight and credibility of the evidence.  Id.
at 899, 901; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999); see also Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986) (expressing that jury may choose to believe or disbelieve any portion of
the testimony).  We defer to the fact finder’s resolution of conflicting
evidence unless the resolution is not rational.  See
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Sufficiency
of evidence is measured by the elements of the offense as defined in the
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). 

A person commits aggravated
kidnapping if she intentionally or knowingly abducts another person and uses or
exhibits a deadly weapon during the commission of the offense.  Tex. Penal Code
Ann. § 20.04 (West 2011).  “Abduct” means to restrain a person with intent to
prevent his liberation by secreting or holding him in a place where he is not
likely to be found.  Id. § 20.01(2) (West 2011).  A person commits
aggravated assault if she intentionally or knowingly causes bodily injury to
another while using or exhibiting a deadly weapon during the assault.  Id.
§§ 22.01, 22.02 (West 2011).  “Deadly weapon” means a firearm or anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury or anything that in the manner of its use or intended use
is capable of causing death or serious bodily injury.  Id. § 1.07(17)
(West 2011).  

As noted
above, the jury was instructed that it could convict appellant either as a
principal or as a party to the charged offenses.  A person may be found guilty
as a party to an offense if she is criminally responsible for the conduct of
the person who committed the offense.  Id.
§ 7.01(a) (West 2011).  A person is criminally responsible for the offense
committed by another’s conduct if, acting with intent to promote or assist the
commission of the offense, she solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense.  Id. § 7.02(a)(2) (West 2011).  Under the law of parties, evidence
supports the conviction when the defendant “is physically present at the
commission of the offense and encourages its commission by words or other
agreement.”  Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994)
(op. on reh’g).  To determine whether the defendant was a party, we may examine
events occurring before, during, and after commission of the offense, and we
may rely on actions of the defendant that show an understanding of a common
design to commit the offense.  King v. State, 29 S.W.3d 556, 564 (Tex. Crim.
App. 2000).

B.        Analysis

            It is
undisputed that during the early-morning hours of May 18, 2009, appellant
traveled with two men to Bennett’s house for the purpose of retrieving
Shannon.  Bennett testified that appellant dragged her out of bed and brought
her to the den, where she observed Shannon sitting in a chair and two men
striking him with their fists and guns.  Bennett further testified that appellant
exhibited a gun while searching the house.  According to Bennett, when
appellant and the other men left with Shannon, appellant stated they would
“off” Shannon if he did not cooperate.

Shannon
testified as follows regarding the incident.  After falling asleep at Bennett’s
house, the next thing he remembered was multiple persons beating him in
Nollie’s garage.  Nollie entered the garage and fired a gun at Shannon’s feet. 
Appellant and the other participants beat and “waylaid” Shannon with a “2 by 4”
piece of wood, which was covered in his blood and used “like a baseball bat” to
strike him “repeatedly over and over” across his head, shoulders, and limbs.  Appellant
also struck Shannon with her fists and electrocuted him by placing his feet
into a bucket of water and then placing an electrical cord into the bucket. 
Appellant, Nollie, and the other participants repeatedly stated that Shannon
“needed to find the money or come up with the money or the drugs that [he had] taken.” 
Eventually, an unconscious Shannon was placed in a locked closet in the garage. 
Shannon testified he was kidnapped, did not want to be in Nollie’s garage, was
in pain while he was being beaten, and thought he was going to be killed.  

The
officers who found Shannon in the closet testified that he “was badly beaten”
and looked “[l]ike he’d been worked over[,] pretty shook up, bleeding, bruises,
scratches . . . [and] limped pretty bad.”  An officer testified that, based on
his experience and training as a homicide officer, a “2 by 4” and electrical
cord, “in the manner and means [they were] used on [Shannon],” may be
considered deadly weapons.

Viewing
all the evidence in the light most favorable to the verdict, we hold that a
reasonable jury could have concluded appellant was criminally responsible as a
party to the aggravated kidnapping because she acted with intent to promote or
assist the commission of the offense by aiding Nollie and others persons to
commit the offense.  Tex. Penal Code Ann. § 7.02(a)(2).  In order to convict a
defendant as a party to an aggravated
offense, the State must prove the defendant was criminally responsible for the
aggravating element.  See Stephens v. State, 717 S.W.2d 338, 340 (Tex.
Crim. App. 1986).  Appellant admitted she was present in the garage when Nollie
fired a gun at the ground near Shannon, and evidence supports a finding that she
continued to assault Shannon after the shot.  Therefore, a reasonable jury
could conclude appellant was criminally responsible for restraining Shannon
with intent to prevent his liberation by secreting or holding him in Nollie’s
garage where he was not likely to be found and that Nollie used a firearm
during the commission of the kidnapping.  See Tex. Penal Code Ann. §§
20.01(2), 20.04; see also Laster v. State, 275 S.W.3d 512,
522 (Tex. Crim. App. 2009) (“[A] rational factfinder can infer [intent to
secret or hold person in place he is unlikely to be found] when a defendant
isolates a person from anyone who might be of assistance.”).[2] 


Additionally,
a reasonable jury could have concluded appellant committed (or was criminally
responsible for) aggravated assault because she (and the other participants) intentionally
or knowingly caused bodily injury to Shannon by using a “2 by 4” that, in the
manner of its use or intended use, was capable of causing death or serious
bodily injury.  See Tex. Penal Code Ann. §§ 1.07(17), 22.01, 22.02. 

Appellant
argues the evidence is insufficient to support her aggravated-kidnapping
conviction because Shannon and Bennett were not credible witnesses. 
Specifically, appellant notes Shannon’s criminal background and Bennett’s
admitted psychiatric problems, memory failures, and consumption of wine at the
time of the alleged kidnapping.  Although these were factors for the jury to
consider in evaluating Shannon’s and Bennett’s credibility, because the jury
implicitly found them to be credible, we must defer to these findings.  See Brooks,
323 S.W.3d at 899 (plurality op.) (recognizing that appellate courts must defer
to jury’s credibility and weight determinations).  Similarly, the State’s
inability to present the actual “2 by 4” used by appellant does not render
Shannon’s testimony that appellant used a “2 by 4” unbelievable.  Finally,
appellant’s reliance on her testimony that she was not involved in a scheme to
kidnap or harm Shannon does not render the contrary evidence unbelievable
because the jury was free to disbelieve any portion of her testimony.  See Sharp,
707 S.W.2d at 614.[3] 
Having determined that the evidence is sufficient to support the jury’s verdict
under the standard of review prescribed by the Court of Criminal Appeals in Brooks,
we overrule appellant’s first and second issues.

 

We
affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Appellant was convicted of two separate counts of aggravated assault, cause
numbers 1260205 and 1260204.  On appeal, she does not challenge her conviction
in cause number 1260204.





[2]
Appellant also argues that the evidence does not support a finding she and the
other men forcibly entered Bennett’s house.  However, the jury was not required
to make such a finding to convict appellant of aggravated kidnapping.





[3]
Appellant also directs us to testimony provided during the punishment phase of
trial.  We cannot consider this testimony in reviewing the sufficiency of the
evidence to support appellant’s conviction because it was not presented during
the guilt-innocence phase of trial.