

NUMBER 13-10-00171-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARIO REGINALD CANTUE A/K/A**
**MARIO REGINALD CANTUE,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the Criminal District Court**
**of Jefferson County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant Mario Reginald Cantue a/k/a Mario Reginald Cantue[1] challenges the trial

court's denial of his motion to suppress in this drug possession case. By one issue,

---

[1] We note that this is the exact style used by the trial court in its judgment and that it includes the modifier "a/k/a" even though the two names cited in the judgment are identical. Neither Cantue nor the State contend that the wrong party was charged in this case.

Cantue argues that the trial court erred in denying his motion because the evidence was legally insufficient to support probable cause for his arrest. We affirm.

## I. BACKGROUND

Cantue was indicted in Jefferson County, Texas for possession of at least four grams but less than 200 grams of phencyclidine (PCP), a second-degree felony.[2] *See* TEX. PENAL CODE ANN. § 481.115(a), (d) (Vernon 2010). The indictment also alleged that Cantue was previously convicted of third-degree felony possession of cocaine, second-degree felony possession of cocaine, state jail felony possession of cocaine, and state jail felony evading arrest.

Cantue filed a motion to suppress, asserting that there was no warrant, probable cause, or other lawful authority to detain and arrest him and requesting the suppression of all tangible evidence, written and oral statements, and testimony of police officers obtained in connection with his arrest and detention. The trial court held a hearing on the motion, at which it heard testimony from Cantue and the police officers involved with his arrest. The motion to suppress was denied.

Cantue pleaded guilty, and following the plea agreement between Cantue and the State, the trial court sentenced Cantue to five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice and ordered him to pay $420 in court costs. The trial court certified Cantue's limited right to appeal the denial of his motion to suppress.

---

[2]This case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX GOV'T CODE ANN. § 73.001 (Vernon 2005).

## II. DISCUSSION

By one issue, Cantue argues that the evidence was legally insufficient to establish probable cause for his arrest. However, a legal sufficiency review of the denial of a motion to suppress evidence is not appropriate. *See Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) (en banc) (reasoning that "[s]ufficiency relates to whether the elements of an offense have been logically established by all the evidence presented . . . . The issue of whether or not evidence was illegally obtained is not an element of the offense" (quoting *Caddell v. State*, 123 S.W.3d 722, 726 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd)); *see also Garza v. State*, No. 13-05-00374-CR, 2006 WL 3375333, at *2 (Tex. App.–Corpus Christi Nov. 22, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that we may only conduct a sufficiency review of the State's proof of elements of the offense). Rather, the standard for reviewing a trial court's ruling on a motion to suppress evidence is bifurcated; we give almost total deference to a trial court's determination of historical facts and review de novo the court's application of the law. *Maxwell v. State,* 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). At a suppression hearing, the trial judge "is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Accordingly, the trial court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When, as is the case here, the record is silent on the

3

reasons for the trial court's ruling and there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *Id.* We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Id.*

Although the exact parameters of Cantue's analysis are unclear, in the interest of justice, we construe his argument as a challenge to the trial court's suppression ruling under the proper standard of review we have just articulated. Specifically, Cantue appears to argue that the evidence did not show that he was the particular person who committed the offense and that his mere proximity to others suspected of the offense did not give rise to probable cause for his arrest.[3]

Under the Fourth Amendment, a warrantless arrest is unreasonable per se unless it fits into one of a "few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993); *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005) (en banc). Under Texas law, a police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in the code of criminal procedure. *Torres*, 182 S.W.3d at 901; *see* TEX. CODE CRIM. PROC. ANN. arts. 14.01–.04 (Vernon 2005 & Supp.

---

[3]Cantue also asserts that he "never gave consent to search his vehicle," "was intimidated by the officer," and "was of the belief that he was not free to leave." However, to the extent Cantue's assertions could be construed as a challenge to the voluntariness of his consent to search his vehicle, he has neither cited authority nor provided any legal analysis in support. *See* TEX. R. APP. P. 38.1(i). Those contentions, if indeed made, are inadequately briefed and therefore waived. *See Garza v. State*, 290 S.W.3d 489, 491 (Tex. App.–Corpus Christi 2009, pet. ref'd).

4

2009) (providing that the limited circumstances in which a police officer may effect a warrantless arrest include commission of an offense within view of a police officer or magistrate, public intoxication, and commission of a felony offense upon representation of a credible person). Probable cause for a warrantless arrest under article 14.01(b), in particular, requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge or of which the officer has reasonably trustworthy information, an offense has been committed. *Torres*, 182 S.W.3d at 902; *see* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Probable cause must be based on specific, articulable facts and not on the mere opinion of the officer. *Torres*, 182 S.W.3d at 902; *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We examine the totality of the circumstances to determine whether probable cause existed for a warrantless arrest. *Torres*, 182 S.W.3d at 902.

At the suppression hearing, Officer Emilio Romero testified that he and Detective Dwight Dean were patrolling the north end of Beaumont, Texas on August 21, 2009, when they passed near a car wash that was known to be a place where "narcotic trafficking" took place. Officer Romero testified that he has "personally observed drug trafficking" at that location. As they were patrolling near the car wash, Officer Romero noticed "several males loitering" at the car wash; they were "not using any of the services of the car wash." As a result, Officer Romero became suspicious and pulled his patrol car up to the group of males. When he exited his vehicle, Officer Romero "smelled what [he] recognized to be PCP." Officer Romero testified that Cantue was standing next to a car. Officer Romero approached the group and asked Cantue "if he had a vehicle there" and "if he had anything illegal in the car." Cantue responded that he did have a car, pointed to the car he was

5

standing next to, and stated, "Yes. I have some PCP in it." Cantue was then asked for his consent to search the car, which Officer Romero testified that Cantue voluntarily gave. When Officer Romero opened the car, he discovered PCP in the "center console" in a "plastic Scope bottle." Officer Romero testified that he "knew it to be PCP . . . [by its] odor."[4] Cantue was immediately arrested.

Detective Dean testified that he and Officer Romero entered the car wash premises that evening because they observed a group of seven to eight people "not patronizing the business"; that they smelled the "pungent odor" of PCP when they exited their patrol car; and that he smelled PCP "in the area where [Cantue's] car was." Detective Dean also described his search of the vehicle of another person arrested that evening.[5]

Cantue testified that he was at the car wash that evening to have his car detailed by someone and that it had been completed five to ten minutes before the police pulled up. Cantue denied that he admitted to having PCP in his car and denied that he consented to the search of his car. He also denied that he was standing near his car when the police approached.

It is true that an arresting officer must have probable cause to believe the particular person arrested has committed an offense. *Parker v. State*, 206 S.W.3d 593, 596-97 (Tex.

---

[4]On cross-examination, Officer Romero also testified that: (1) he could not see the Scope bottle until he opened the door of Cantue's car; (2) he was patrolling in an unmarked car with emergency lights on the interior of the vehicle; (3) he entered the car wash premises to investigate loitering; (4) the police have an agreement with the owner of the car wash to come onto the premises to arrest trespassers and loiterers; (5) another person was arrested at the scene; and (6) if Cantue had not consented to the search of his car, Officer Romero would not have had any other reason to go into the car.

[5]Detective Dean's testimony differed slightly from Officer Romero's in that he did not believe the police had an agreement with the owner of the car wash to arrest trespassers and loiterers; instead, he stated that "[t]here were several no trespassing signs appointed, along with the owner actively asking, by sign, for police enforcement."

6

Crim. App. 2006). Contrary to Cantue's apparent contention that such a particularized belief was lacking for his arrest, we conclude that the evidence at the suppression hearing clearly established probable cause that Cantue, himself, was in possession of the PCP such that his arrest was proper. *See Torres*, 182 S.W.3d at 902; TEX. CODE CRIM. PROC. ANN. art. 14.01(b). Both Officer Romero and Detective Dean testified that the car wash was a known location for drug trafficking; that they noticed a group of people not using the services of the car wash; and that when they exited their patrol car, they smelled the strong, recognizable odor of PCP. Officer Romero testified that Cantue was standing by a car that he admitted was his, that he consented to the search of the car, and that, during the search, Officer Romero found PCP in the center console of the car. Detective Dean testified that he smelled PCP in the area where Cantue's car was located.

Cantue's contradicting testimony at the hearing does not alter our conclusion. It was within the domain of the trial court at the suppression hearing to judge the credibility and demeanor of the witness, and we accord great deference to the court's determinations of historical facts that turn on such issues. *See Wiede*, 214 S.W.3d at 24-25; *Maxwell,* 73 S.W.3d at 281. In the absence of express fact findings by the trial court, we imply findings that are supported by the evidence and support the court's ruling, *see Kelly*, 204 S.W.3d at 818, and we assume that the court chose to believe the testimony of Officer Romero and Detective Dean over the testimony of Cantue, as it was, indeed, free to do. *See Ross*, 32 S.W.3d at 855. Examining the totality of the circumstances, we conclude that there were specific, articulable facts within the personal knowledge of Officer Romero and Detective Dean that supported their belief that Cantue committed an offense. *See Torres*, 182 S.W.3d at 902. We therefore conclude that probable cause existed for Cantue's arrest,

7

and that the trial court did not err in denying Cantue's motion to suppress. Cantue's sole issue is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
5th day of August, 2010.