COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAMON MONTOYA, | § | |
| | | No. 08-09-00307-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 168th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20090D00658) |
| | § | |

**O P I N I O N**

On our own motion, we withdraw the opinion of this Court issued December 8, 2010 and substitute the following as the opinion of the Court. TEX. R. APP. P. 19.1. Appellant's Motion for Rehearing is denied.

Appellant, Ramon Montoya, was indicted for the state-jail felony offense of driving while intoxicated with a child passenger.[1] After the trial court denied his motion to suppress, Appellant, pursuant to an agreement between the parties, pled guilty to the lesser offense of driving while intoxicated, a Class B misdemeanor, and was sentenced to one-year community supervision.[2] On appeal, Appellant contends, in one issue, that the trial court abused its discretion by denying his motion to suppress. For the reasons that follow, we affirm.

**BACKGROUND**

On January 24, 2009, Officer Michael Macias was patrolling downtown El Paso on his

---

[1] *See* TEX. PENAL CODE ANN. § 49.045 (Vernon Supp. 2010).

[2] *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).

bicycle when he observed a sport utility vehicle stopped at a bus stop in a no-parking zone. As Officer Macias and his partner, Officer Javier Aranda, approached the vehicle, Officer Macias noticed the vehicle, which was on, begin to move forward, slowly.[3] Once he was beside the moving vehicle, Officer Macias saw a thirteen-year-old child trying to climb from the rear seat into the cargo area. Specifically, the child's lower portion of his body was sticking up in the air. The child was not wearing a seat belt. Officer Macias stopped the vehicle for a seat belt violation[4] and asked the driver, Appellant, if, before he went any further, he was "going to put that kid in a seat belt." When Appellant asked "what," the officer asked for his driver's license. Because Appellant did not have a driver's license, Officer Macias asked Appellant to exit the vehicle.

When Appellant stepped out of his vehicle, Officer Macias smelled an odor of alcohol emitting from the vehicle and then noticed that odor was coming from Appellant. Officer Aranda also smelled a faint odor of alcohol emitting from his person. Appellant's nineteen-year-old son, who was in the backseat, reminded Officer Macias that he had prior dealings with Appellant.[5] Officer Macias asked Appellant if he had been drinking, and Appellant replied, "Of course I have." At that point, the officer noticed Appellant's watery, glassy, and bloodshot eyes and conducted the horizontal-gaze nystagmus test. Officer Macias observed six out of six clues of intoxication on that test. Appellant refused to perform any other field-sobriety tests. Nevertheless, Officer Macias believed Appellant was intoxicated and placed him under arrest. At the police station, two breath samples were taken. The first recorded Appellant's blood-alcohol level at 0.178, and the second at

---

[3] Officer Aranda did not see the vehicle move.

[4] *See* TEX. TRANSP. CODE ANN. § 545.413(b)(2) (Vernon Supp. 2010).

[5] Officer Macias previously arrested and ticketed Appellant for public intoxication, and after the events that occurred on January 24, 2009, Appellant was acquitted of the public-intoxication charge in municipal court.

0.166.

Appellant moved to suppress all tangible and intangible evidence obtained by the officers, claiming that the detention was without probable cause or reasonable suspicion. After the State presented the testimonies of Officers Macias and Aranda, Appellant called Jose Ramos to the stand. Ramos, who was thirteen years old, testified that he was downtown buying things on January 24, 2009, when he saw Appellant and his nineteen-year-old son crossing the street. Appellant, according to Ramos, was in the back of a truck. Because the police were there, Ramos approached Appellant's son and asked what happened. At that point, Ramos stated that "the cops just grabbed" him, told him to place his hands on the back of the vehicle, warned him not to try anything, and called him a "stupid little something." Ramos testified that he told the officers that he just "barely came," but the officers responded that he "didn't barely came," but was seen inside the vehicle. Ramos denied that he was ever in the car.

During argument, Appellant asserted that the police did not have probable cause or reasonable suspicion to detain him, contending that Officer Macias' testimony was biased:

> [Ramos] just testified and said he was never even in the car. [Officer Macias] testified, and I think we brought out some bias and motive on his part, that he and [Appellant] didn't get along too well from the past, and there was even an incident where [Appellant] took him to municipal court at a jury trial and got a not guilty verdict. And we think this is, in part, payback for that.
>
> . . .
>
> And our suggestion is that [Officer Macias'] testimony was not believable. That basically, he's just not real happy with [Appellant]. So we are moving that Your Honor please suppress all the evidence in connection with this case.

The trial court denied the motion on July 31, 2009.

On October 5, 2009, prior to jury selection, Appellant, by way of bill of exceptions, presented evidence that Officer Macias was being investigated by the Internal Affairs division of the police

department for sending sexually explicit material involving himself and his ex-girlfriend to the ex-girlfriend's ex-husband. Appellant wanted to use that information to impeach the officer's testimony at trial to suggest bias, that is, that if he did not testify favorably for the State, the prosecutors would tell his superiors and urge them to "get after him now on the horrible sex stuff [he had] been doing and get him fired." The trial court ruled that Appellant would not be allowed to use such impeachment evidence. Appellant then entered his plea of guilty to the lesser offense of driving while intoxicated.

## DISCUSSION

In Appellant's sole issue on appeal, he asserts that the trial court erred by denying his motion to suppress the initial detention when Officer Macias' testimony was incredulous, lacking corroboration. He further asks that we apply a factual-sufficiency review to the trial court's ruling. For the reasons that follow, we decline Appellant's invitation and find no abuse of discretion occurred.

### Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford almost total deference to the trial court's determination of historical facts when those fact findings are based on an evaluation of witness credibility and demeanor, and we afford the same amount of deference to the trial court's application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). However, rulings on mixed questions of law and fact that do not turn on the credibility and demeanor of the witnesses are reviewed *de novo*. *Amador*, 221

S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652-53.

*New Standard*

Initially, we address Appellant's argument that we should employ a factual-sufficiency standard in our analysis. Seemingly, Appellant asserts that the great weight and preponderance of the contrary evidence, that is, Ramos' testimony, renders any ruling favoring the admissibility of the subject evidence, that is, Officer Macias' "biased" testimony, manifestly unjust.

But as noted by the Court of Criminal Appeals, sufficiency of the evidence and admissibility of the evidence are distinct issues. *See Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) (citing *Caddell v. State*, 123 S.W.3d 722, 726 (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd). The former relates to whether the elements of the offense were established by the evidence presented. *Caddell*, 123 S.W.3d at 726. That standard takes into account all the evidence presented, including that which was admissible and inadmissible. *Id*. On the other hand, the admissibility of evidence relates to whether that evidence may be introduced and for what purpose. *Id*. Certainly, the issue of whether certain evidence was illegally obtained is not an element of the offense. *Id*. Therefore, although the trial court's decision, in determining the admissibility of evidence, may rest on a factual finding, the ultimate issue is still the admissibility of that evidence. *Id*.

Here, Appellant does not challenge the sufficiency of the elements of the charged offense. Rather, he complains of the admissibility of the evidence obtained from the officers as a result of the alleged unlawful detention, contending that Officer Macias' testimony is incredible. As Appellant is not challenging the elements of the charged offense but rather the admissibility of certain evidence, we cannot employ a factual-sufficiency review. *See Hanks*, 137 S.W.3d at 672 (holding that factual-sufficiency review is appropriate only as to the sufficiency of the State's proof as to the

elements of the offense); *see also Montanez*, 195 S.W.3d at 109 (holding deferential standard of review, not factual sufficiency, applies to rulings on motions to suppress).

*No Abuse of Discretion*

Appellant's complaint is that Officer Macias' testimony must be, in its entirety, disregarded as it differed from that presented by other witnesses. Specifically, he points to Officer Aranda's testimony that he did not see the vehicle move and Ramos' testimony that he was never in the vehicle. Appellant does not contend that if the trial court accepted Officer Macias' version of events as true that the initial detention was not justified.

It is well settled that in reviewing the trial court's decision on a motion to suppress, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App. – Fort Worth 2003, no pet.). Rather, we defer to the trial court on factual determinations as it is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). It is not our prerogative to decide who or what the trial court should have believed in a contested suppression hearing. If we did, our own judgment would be substituted for that of the trial court on every fact issue raised, including those that rest on the determination of witness credibility. Indeed, we only read from an impersonal record and are unable to observe first-hand the demeanor of a witness, whose credibility is undoubtedly dependent on appearance.

Here, the trial court, by denying the motion to suppress, chose to accept Officer Macias' testimony as true, resolve any inconsistencies found in Officer Aranda's testimony in favor of Officer Macias, and reject the testimony of Ramos. This, the trial court was entitled to do. *See Ross*, 32

S.W.3d at 855; *Graham v. State*, 201 S.W.3d 323, 329 (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd); *Hawkins v. State*, 853 S.W.2d 598, 600 (Tex. App. – Amarillo 1993, no pet.). And because Officer Macias testified that he saw Appellant driving a vehicle that was moving slowly forward while at the same time observing a child not secured with a seat belt in the backseat, he, having observed a traffic violation, had probable cause to stop and detain Appellant. *See Vafaiyan v. State*, 279 S.W.3d 374, 380 (Tex. App. – Fort Worth 2008, pet. ref'd); *Krug v. State*, 86 S.W.3d 764, 767 (Tex. App. – El Paso 2002, pet. ref'd) (cases finding probable cause exists for a traffic stop if an officer observes an offense committed); TEX. TRANSP. CODE ANN. § 545.413(b)(2) (stating that a person commits an offense if he allows a child younger than 17 to ride in the vehicle without being secured by a safety belt). Accordingly, the trial court did not abuse its discretion by denying the motion to suppress. Appellant's sole issue is overruled.

**CONCLUSION**

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

December 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)