COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





RAMON MONTOYA,


 Appellant,


v.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-09-00307-CR



Appeal from the


168th District Court


of El Paso County, Texas


(TC# 20090D00658)


O P I N I O N


 On our own motion, we withdraw the opinion of this Court issued December 8, 2010 and
substitute the following as the opinion of the Court. Tex. R. App. P. 19.1. Appellant's Motion for
Rehearing is denied.

 Appellant, Ramon Montoya, was indicted for the state-jail felony offense of driving while
intoxicated with a child passenger. (1) After the trial court denied his motion to suppress, Appellant,
pursuant to an agreement between the parties, pled guilty to the lesser offense of driving while
intoxicated, a Class B misdemeanor, and was sentenced to one-year community supervision. (2) On
appeal, Appellant contends, in one issue, that the trial court abused its discretion by denying his
motion to suppress. For the reasons that follow, we affirm.

BACKGROUND

 On January 24, 2009, Officer Michael Macias was patrolling downtown El Paso on his
bicycle when he observed a sport utility vehicle stopped at a bus stop in a no-parking zone. As
Officer Macias and his partner, Officer Javier Aranda, approached the vehicle, Officer Macias
noticed the vehicle, which was on, begin to move forward, slowly. (3) Once he was beside the moving
vehicle, Officer Macias saw a thirteen-year-old child trying to climb from the rear seat into the cargo
area. Specifically, the child's lower portion of his body was sticking up in the air. The child was
not wearing a seat belt. Officer Macias stopped the vehicle for a seat belt violation (4) and asked the
driver, Appellant, if, before he went any further, he was "going to put that kid in a seat belt." When
Appellant asked "what," the officer asked for his driver's license. Because Appellant did not have
a driver's license, Officer Macias asked Appellant to exit the vehicle.

 When Appellant stepped out of his vehicle, Officer Macias smelled an odor of alcohol
emitting from the vehicle and then noticed that odor was coming from Appellant. Officer Aranda
also smelled a faint odor of alcohol emitting from his person. Appellant's nineteen-year-old son,
who was in the backseat, reminded Officer Macias that he had prior dealings with Appellant. (5) 
Officer Macias asked Appellant if he had been drinking, and Appellant replied, "Of course I have." 
At that point, the officer noticed Appellant's watery, glassy, and bloodshot eyes and conducted the
horizontal-gaze nystagmus test. Officer Macias observed six out of six clues of intoxication on that
test. Appellant refused to perform any other field-sobriety tests. Nevertheless, Officer Macias
believed Appellant was intoxicated and placed him under arrest. At the police station, two breath
samples were taken. The first recorded Appellant's blood-alcohol level at 0.178, and the second at
0.166.

 Appellant moved to suppress all tangible and intangible evidence obtained by the officers,
claiming that the detention was without probable cause or reasonable suspicion. After the State
presented the testimonies of Officers Macias and Aranda, Appellant called Jose Ramos to the stand. 
Ramos, who was thirteen years old, testified that he was downtown buying things on January 24,
2009, when he saw Appellant and his nineteen-year-old son crossing the street. Appellant, according
to Ramos, was in the back of a truck. Because the police were there, Ramos approached Appellant's
son and asked what happened. At that point, Ramos stated that "the cops just grabbed" him, told
him to place his hands on the back of the vehicle, warned him not to try anything, and called him a
"stupid little something." Ramos testified that he told the officers that he just "barely came," but the
officers responded that he "didn't barely came," but was seen inside the vehicle. Ramos denied that
he was ever in the car.

 During argument, Appellant asserted that the police did not have probable cause or
reasonable suspicion to detain him, contending that Officer Macias' testimony was biased:

[Ramos] just testified and said he was never even in the car. [Officer Macias]
testified, and I think we brought out some bias and motive on his part, that he and
[Appellant] didn't get along too well from the past, and there was even an incident
where [Appellant] took him to municipal court at a jury trial and got a not guilty
verdict. And we think this is, in part, payback for that.


. . .



 And our suggestion is that [Officer Macias'] testimony was not believable. 
That basically, he's just not real happy with [Appellant]. So we are moving that
Your Honor please suppress all the evidence in connection with this case.



The trial court denied the motion on July 31, 2009.

 On October 5, 2009, prior to jury selection, Appellant, by way of bill of exceptions, presented
evidence that Officer Macias was being investigated by the Internal Affairs division of the police
department for sending sexually explicit material involving himself and his ex-girlfriend to the ex-girlfriend's ex-husband. Appellant wanted to use that information to impeach the officer's testimony
at trial to suggest bias, that is, that if he did not testify favorably for the State, the prosecutors would
tell his superiors and urge them to "get after him now on the horrible sex stuff [he had] been doing
and get him fired." The trial court ruled that Appellant would not be allowed to use such
impeachment evidence. Appellant then entered his plea of guilty to the lesser offense of driving
while intoxicated.

DISCUSSION

 In Appellant's sole issue on appeal, he asserts that the trial court erred by denying his motion
to suppress the initial detention when Officer Macias' testimony was incredulous, lacking
corroboration. He further asks that we apply a factual-sufficiency review to the trial court's ruling. 
For the reasons that follow, we decline Appellant's invitation and find no abuse of discretion
occurred.

Standard of Review

 We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. 
Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). We afford almost total deference to the trial court's determination of
historical facts when those fact findings are based on an evaluation of witness credibility and
demeanor, and we afford the same amount of deference to the trial court's application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor. Amador, 221 S.W.3d at 673;
Montanez v. State, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d
644, 652-53 (Tex. Crim. App. 2002). However, rulings on mixed questions of law and fact that do
not turn on the credibility and demeanor of the witnesses are reviewed de novo. Amador, 221
S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d
at 652-53.

New Standard

 Initially, we address Appellant's argument that we should employ a factual-sufficiency
standard in our analysis. Seemingly, Appellant asserts that the great weight and preponderance of
the contrary evidence, that is, Ramos' testimony, renders any ruling favoring the admissibility of the
subject evidence, that is, Officer Macias' "biased" testimony, manifestly unjust.

 But as noted by the Court of Criminal Appeals, sufficiency of the evidence and admissibility
of the evidence are distinct issues. See Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004)
(citing Caddell v. State, 123 S.W.3d 722, 726 (Tex. App. - Houston [14th Dist.] 2003, pet. ref'd). 
The former relates to whether the elements of the offense were established by the evidence presented. 
Caddell, 123 S.W.3d at 726. That standard takes into account all the evidence presented, including
that which was admissible and inadmissible. Id. On the other hand, the admissibility of evidence
relates to whether that evidence may be introduced and for what purpose. Id. Certainly, the issue
of whether certain evidence was illegally obtained is not an element of the offense. Id. Therefore,
although the trial court's decision, in determining the admissibility of evidence, may rest on a factual
finding, the ultimate issue is still the admissibility of that evidence. Id.

 Here, Appellant does not challenge the sufficiency of the elements of the charged offense. 
Rather, he complains of the admissibility of the evidence obtained from the officers as a result of the
alleged unlawful detention, contending that Officer Macias' testimony is incredible. As Appellant
is not challenging the elements of the charged offense but rather the admissibility of certain
evidence, we cannot employ a factual-sufficiency review. See Hanks, 137 S.W.3d at 672 (holding
that factual-sufficiency review is appropriate only as to the sufficiency of the State's proof as to the
elements of the offense); see also Montanez, 195 S.W.3d at 109 (holding deferential standard of
review, not factual sufficiency, applies to rulings on motions to suppress).

No Abuse of Discretion

 Appellant's complaint is that Officer Macias' testimony must be, in its entirety, disregarded
as it differed from that presented by other witnesses. Specifically, he points to Officer Aranda's
testimony that he did not see the vehicle move and Ramos' testimony that he was never in the
vehicle. Appellant does not contend that if the trial court accepted Officer Macias' version of events
as true that the initial detention was not justified.

 It is well settled that in reviewing the trial court's decision on a motion to suppress, we do
not engage in our own factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App. - Fort Worth 2003, no pet.). Rather, we defer
to the trial court on factual determinations as it is the sole trier of fact and judge of the credibility of
the witnesses and the weight to be given their testimony. Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified on other
grounds by State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006). It is not our prerogative to
decide who or what the trial court should have believed in a contested suppression hearing. If we
did, our own judgment would be substituted for that of the trial court on every fact issue raised,
including those that rest on the determination of witness credibility. Indeed, we only read from an
impersonal record and are unable to observe first-hand the demeanor of a witness, whose credibility
is undoubtedly dependent on appearance.

 Here, the trial court, by denying the motion to suppress, chose to accept Officer Macias'
testimony as true, resolve any inconsistencies found in Officer Aranda's testimony in favor of Officer
Macias, and reject the testimony of Ramos. This, the trial court was entitled to do. See Ross, 32
S.W.3d at 855; Graham v. State, 201 S.W.3d 323, 329 (Tex. App. - Houston [14th Dist.] 2006, pet.
ref'd); Hawkins v. State, 853 S.W.2d 598, 600 (Tex. App. - Amarillo 1993, no pet.). And because
Officer Macias testified that he saw Appellant driving a vehicle that was moving slowly forward
while at the same time observing a child not secured with a seat belt in the backseat, he, having
observed a traffic violation, had probable cause to stop and detain Appellant. See Vafaiyan v. State,
279 S.W.3d 374, 380 (Tex. App. - Fort Worth 2008, pet. ref'd); Krug v. State, 86 S.W.3d 764, 767
(Tex. App. - El Paso 2002, pet. ref'd) (cases finding probable cause exists for a traffic stop if an
officer observes an offense committed); Tex. Transp. Code Ann. § 545.413(b)(2) (stating that a
person commits an offense if he allows a child younger than 17 to ride in the vehicle without being
secured by a safety belt). Accordingly, the trial court did not abuse its discretion by denying the
motion to suppress. Appellant's sole issue is overruled.

CONCLUSION

 Having overruled Appellant's sole issue, we affirm the trial court's judgment.


 GUADALUPE RIVERA, Justice

December 29, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)

1. See Tex. Penal Code Ann. § 49.045 (Vernon Supp. 2010).
2. See Tex. Penal Code Ann. § 49.04 (Vernon 2003).
3. Officer Aranda did not see the vehicle move.
4. See Tex. Transp. Code Ann. § 545.413(b)(2) (Vernon Supp. 2010).
5. Officer Macias previously arrested and ticketed Appellant for public intoxication, and after the events that
occurred on January 24, 2009, Appellant was acquitted of the public-intoxication charge in municipal court.